## VANNESS *v.* VANNESS.

### Opinion delivered April 16, 1917.

1. JUDGMENTS—MAY BE SET ASIDE, WHEN—FRAUD.—A judgment may be set aside for fraud practiced by the successful party in obtaining the judgment or order.
2. DIVORCE—FRAUD—RESIDENCE OF PLAINTIFF.—In an action for divorce the residence of the plaintiff is a question of fact.
3. ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS—RESIDENCE OF CLIENT—DIVORCE SUIT.—An attorney was employed by plaintiff to bring an action for divorce in B. County. *Held,* when plaintiff thereafter dismissed this action and brought another in C. County, that the attorney was a competent witness to testify as to the place where plaintiff was residing during the bringing of these actions.
4. DIVORCE—DECREE—FRAUD IN PROCUREMENT.—A decree of divorce *held* to have been obtained by fraud, in that the plaintiff was not a resident of the county in which he brought the action, and that the affidavit executed by him for a warning order was false.
5. DIVORCE — FRAUD — SETTING ASIDE DECREE — LACHES.—A decree granting appellant a divorce from appellee, was obtained by fraud, and rendered January 26, 1915; appellant remarried on February 3, 1915; appellee learned of the divorce in the latter part of April, 1915, and on May 6, 1915, brought an action to have the decree set aside for fraud. *Held.* The decree would be set aside, and that appellee was not guilty of laches.

Appeal from Cleburne Chancery Court; *Geo. T. Humphries,* Chancellor; affirmed.

*E. G. Mitchell,* for appellant.

1. No fraud is shown. It is never presumed; it must be proven by clear and convincing evidence. Appellant believed his wife had moved to Kansas.

2. The present wife should have been made a party. Kirby's Digest, § § 6006-7; 37 Ark. 517; 28 *Id.* 171; Bishop on Mar. & Div., vol. 2, § 1533; 97 Ark. 122.

3. Appellant had remarried. 73 Ark. 281. Appellee was guilty of laches; her suit came too late. The delay was inexcusable.

*The appellee pro se.*

1. The decree was obtained by fraud on the court. 14 Cyc. 591-2; Kirby's Digest, § § 591-2, 6055.

2. No laches were shown.

3. Appellant's wife was not a necessary party.

### STATEMENT BY THE COURT.

This suit was instituted by the appellee against the appellant to annul a decree of divorce obtained by the appellant against the appellee in the Cleburne Chancery Court. The facts are substantially as follows:

Appellant and appellee were married in 1885 and lived together until 1914. During the last six years of that time they resided in the city of Rogers, Benton County, Arkansas. The appellant left Rogers and took up his residence at Harrison, Boone County, Arkansas. The appellee did not accompany him, but continued to live at Rogers.

On the 21st of September, 1914, appellant instituted suit for divorce against the appellee in the Boone Chancery Court, and had summons issued which was served on appellee at her home in Rogers, Arkansas. Appellee answered the complaint in the Boone Chancery Court, denying the allegations of appellant's complaint and making her answer a cross-complaint, in which she alleged that the appellant had deserted her, and prayed for temporary and permanent alimony, and for suit money.

On the 13th of November, the appellant dismissed his suit for divorce in the Boone Chancery Court. On the 18th day of November, appellant filed another suit for divorce against the appellee in the Cleburne Chancery Court, and filed an affidavit for warning order, setting up that appellee was a nonresident of the State, which was issued and published, warning the appellee to appear and

answer in said case. An attorney *ad litem* was appointed to notify appellee of the pendency of the suit against her in Cleburne County and the nature thereof.

On the 26th of January, 1915, appellant was granted a decree of divorce by the Cleburne Chancery Court. On the 6th of May, 1915, appellee filed this suit in the Cleburne Chancery Court, alleging that the decree of divorce was obtained by fraud, in this, that the appellant represented that the appellee was a non-resident of the State, whereas she was then a resident of Rogers, Benton County, Arkansas, and that appellant concealed this fact from the attorney *ad litem;* that appellant also represented that he was a resident of Cleburne County, whereas, in fact, he never had been a resident of such county. Appellee also set up that she had a meritorious defense to the suit for divorce, in that she would be able to prove that at the time the appellant abandoned her and his home, and for a long time prior thereto, appellant had associated with lewd women, and was addicted to the habit of gambling; that he had been arrested and fined both for gambling and lewdness; that she and the daughters of appellant and appellee had written appellant to return to his home, which he had persistently refused to do; that she had no notice of the pendency of the suit for divorce against her; that the pretended service was not legal, and hence the decree divorcing the appellant from the appellee was obtained by fraud practiced on the court.

The appellant denied the allegations of the cross-complaint, and set up that as soon as he had procured a divorce he married again, and alleged that appellee's suit was not brought in good faith, but for the purpose of humiliating the appellant and bringing him into disrepute.

It could serve no useful purpose to set out and discuss the evidence in detail. Suffice it to say that the testimony on behalf of the appellee tended to prove the allegations of her complaint. One witness, W. N. Ivie, testified that he was an attorney at law, and in his capacity

as such he brought suit for Doctor Vanness against the appellee in the Boone Chancery Court; that at that time Doctor Vanness lived at Harrison. Witness understood from Vanness that before that time he had resided at Rogers, Benton County. The suit witness instituted for him was voluntarily dismissed in vacation some time in November, 1914. At that time Vanness was still residing at Harrison; at least, he had his office and business there. After his suit was dismissed, he asked witness if he could file another suit for divorce somewhere else. Witness told him that he could, but that it would do him no good unless he went outside of the State, as his wife would have a right to answer and would be served with summons if he filed it anywhere within the State, and Vanness remarked, in substance, that the next time he would go so far that it would be hard for them to find him when he filed his suit. Doctor Vanness claimed that his wife at that time was residing at Rogers, Arkansas.

The appellant, in his own behalf, testified that he brought suit against his wife in Boone County for divorce and his lawyer told him that he could not gain the suit because at that time he was a resident of Cleburne County. At the time he brought the suit in Cleburne County, he was a resident of that county. When he brought the suit in Cleburne he had been informed from reliable sources that his wife had gone to Kansas City to live, and had also heard from two different sources that she had taken up her residence at Wichita. His suit was in good faith and based on the truth. After he obtained his divorce, he married another woman. His marriage was public and the people of Rogers and Boone County knew of it. He later on moved to Harrison, Boone County, and made that his home. When his first wife brought suit to annul the divorce, the summons was served on him at Harrison. The further testimony of this witness is in regard to the unpleasant relations that existed between him and his first wife, and which, from appellant's viewpoint, were exceedingly reprehensible.

Appellant testified that she was continuously talking about him and giving him a bad name, and tried to make his children hate him. He gave her all the property she now holds, consisting of a house and three lots in Marble City, Oklahoma, for which appellant paid $1,800. He also turned over to her and the children certain personal property, valued by him at something over $2,500.

One witness on behalf of the appellant, testified that he lived at Rogers, Arkansas, and had written to Doctor Vanness at Harrison. He wrote him that he understood that his wife was going to move to Wichita, Kansas, but did not write him that she had gone there. This letter was written not long after Vanness had gone to Harrison.

There is testimony in the record tending to show lewdness and other immoral conduct on the part of the appellant before he instituted the first suit for divorce against the appellee.

The record shows that when the case was reached on its regular call, the appellant filed a motion to continue the cause, and also a motion to quash the deposition of W. N. Ivie on the ground that his testimony revealed confidential communications. There was also a motion to make May Vanness a party defendant. All these motions were overruled.

The court found that "the decree of divorce granted to J. R. Vanness was obtained by fraud practiced on the court," and entered a decree setting such decree for divorce aside.

WOOD, J., (after stating the facts). I. The statute provides that proceedings for divorce shall be in the county where the complainant resides, and that the process may be directed in the first instance to any county in the State where the defendant may reside. Kirby's Digest, § 2674.

It was held in *Wood* v. *Wood,* 54 Ark. 172, 174, that this statute contemplates actual, and not constructive, residence.

(1-2-3)   One of the grounds for which judgments may be set aside is, ''Fraud practiced by the successful party in obtaining the judgment or order.'' It was purely a question of fact as to whether the appellant was a *bona fide* resident of Cleburne County at the time he obtained the decree for divorce against the appellee. The testimony of Judge Ivie to the effect that at the time he dismissed appellant's suit for divorce pending in Boone County, the appellant was living in Harrison, Arkansas, was not in the nature of a confidential communication. Witness Ivie does not show that he received this information by reason of the relation of attorney and client.

In *Vittitow* v. *Burnett,* 112 Ark. 277, we held that ''the statute rendering an attorney incompetent to testify concerning communications made to him by his client tends to prevent a full disclosure of the truth, and it should be strictly construed and limited to cases falling within the principle upon which it is based.''

(4)   Since information or knowledge of the residence of appellant is not shown to have been communicated to witness Ivie as a confidential communication, we must hold that his testimony concerning this issue was competent. When this testimony is considered, a finding to the effect that appellant was not a resident of Cleburne County at the time he obtained the decree for divorce is not clearly against the preponderance of the evidence. · Before he could obtain such a decree it was necessary, under the statute, for him to show to the court that he was a resident of Cleburne County. Therefore, in so testifying or making such representation to the court when the same was not a fact, he perpetrated a fraud upon the court.

Moreover, the clear preponderance of the evidence shows that appellant perpetrated a fraud upon the court in representing that he had obtained service upon the appellee in his suit for divorce in Cleburne County. When appellant filed his complaint, in order to obtain a warning order against the appellee he filed an affidavit setting

forth that the appellee was a nonresident of the State, whereas a decided preponderance of the evidence shows that appellee was not a nonresident, and that appellant knew at that time that she resided at Rogers, Arkansas.

(5) II. Appellant contends that appellee is barred by laches. "It is generally conceded," says Cyc., "in all jurisdictions that public policy, good morals and the interests of society require that the marriage relation should be surrounded with every safeguard and its severance allowed only in the manner and for the causes prescribed by law." 14 Cyc., p. 578.

The application of this principle should cause a court of chancery to set aside a decree of divorce that has been obtained through fraud when the party entitled to such relief acts promptly to obtain it. Application of the same principle should likewise cause the court to refuse to annul a decree of divorce, even though obtained by fraud, where the injured party, upon discovery of the fraud, fails to act promptly to have the decree of divorce annulled.

Mr. Bishop gives an admirable statement of the policy of the law, which is quoted by us in *Corney* v. *Corney,* 97 Ark. 117, 122, as follows: "There are excellent reasons why judgments in matrimonal causes, whether of nullity, dissolution or separation, should be more stable, certainly not less, than in others, and so our courts hold. The matrimonal status of the parties draws with and after it so many collateral rights and interests of third persons that uncertainty and fluctuations in it would be greatly detrimental to the public. And particularly to an innocent person who has contracted a marriage on the faith of the decree of the court the calamity of having it reversed and the marriage made void is past estimation." Bishop on Marriage and Divorce, vol. 2, sec. 1533.

The record shows that the decree of divorce was rendered on the 26th day of January, 1915. The appellant married the second Mrs. Vanness on the 3d of February, 1915. The appellee testified that she did not know that

the suit for divorce had been filed against her in Cleburne County until the latter part of the month of April, 1915, and she instituted this suit to annul the decree on the 6th day of May, 1915. True, appellant testified that his marriage was public, so that the people in Rogers and Boone County all knew it; but this testimony does not tend to prove that the appellee knew it, and does not overcome her positive testimony that she did not learn of it until the latter part of April, 1915. After she learned of the decree in Cleburne County only a few days intervened before she instituted this suit to set it aside. She therefore acted promptly, and the court did not err, under the circumstances, in granting her the relief sought.

The second Mrs. Vanness was not a party to the fraudulent decree, and the motion filed by the appellant to make her a party does not set forth any facts to show any interest that she has that would make her either a necessary or proper party to the proceeding. All the defenses that could have possibly been set up to the suit for annulling the fraudulent decree were brought into the record by the pleadings and the testimony on the part of the appellant, and the court correctly held that these could not avail against the relief sought by appellee.

The decree is therefore affirmed.