## Wood v. Wood.

### Opinion delivered November 3, 1919.

1. DIVORCE—WIFE'S SUIT—TEMPORARY ALLOWANCE.—It is necessary, in order to warrant a temporary allowance, in a wife's suit for divorce, to introduce testimony sufficient to show merit in the wife's case; but it is not essential that her testimony on that question should be corroborated; a preponderance of the testimony is sufficient, and on appeal this court will not set aside an order of allowance unless it is against the preponderance of the testimony.

2. DIVORCE—RESIDENCE OF COMPLAINANT.—The divorce statute requires that the complainant have an actual and not constructive residence within this State.

3. DIVORCE — WIFE'S SUIT — TEMPORARY ALLOWANCES—AMOUNT.—A temporary allowance in a wife's suit for divorce, of $400 for attorney's fees, and $200 per month alimony, held not to be excessive.

Appeal from Jefferson Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*James D. Head*, for appellant.

1. The court was without jurisdiction as the testimony shows that the wife was not an actual resident of Arkansas for one year prior to the commencement of the suit. The statute contemplates *actual* rather than *constructive* residence. 128 Ark. 543.

2. No *prima facie* case of cruel and inhuman treatment was made under our law. 104 Ark. 381; 118 *Id*. 582; 53 *Id*. 484; 44 *Id*. 429; 31 N. W. 956; 82 *Id*. 871; 57 N. W. 651; 97 Mass. 373; 60 S. W. 318; 9 L. R. A. 487; 3 N. E. 736; 75 Iowa, 211; 113 N. W. 99; 12 L. R. A. (N. S.) 820; 69 Atl. 646; 105 Pac. 347; 80 S. E. 846; 14 Cyc. 604; *Ib*. 608; *Ib*. 601.

3. There is no showing of merit in the complaint; it was subject to demurrer as it fails to allege specific acts constituting cruelty but alleges mere legal assumptions and presumptions. 114 Ark. 516; 86 *Id*. 469; 63 *Id*. 128.

4. An appeal will lie from an allowance of alimony, suit money and attorney's fees. 86 Ark. 469; 79 *Id*. 473.

5. The allowances here were excessive and erroneous. 87 Ark. 175; 31 N. W. 956; 16 Am. Dec. 597; 21

L. R. A. 310; 143 S. W. 584; 86 Ark. 469; 101 *Id.* 86; 98 *Id.* 193; 63 *Id.* 128; 79 *Id.* 473.

6. Nothing should be allowed for suit money or attorney's fees and only $100 per month for maintenance so long as she remains absent from her home against defendant's will. Cases *supra.*

*Taylor, Jones & Taylor,* for appellee.

1. *During the pendency* of an action of divorce maintenance, suit money and attorney's fees may be allowed the wife by appropriate orders of court. Kirby & Castle's Dig. 2893.

2. The allegations of the complaint show merit and that the wife is without separate estate and without means to prosecute her suit. The allowances are all reasonable and the complaint shows marriage, a legal cause for divorce, her inability to support herself and prosecute her suit and the husband's ability to contribute to her needs. 86 Ark. 472; 14 Cyc. 749; 18 Ga. 273; 63 Am. Dec. 289; 60 *Id.* 664; 44 Ark. 46; 80 Ark. 481.

3. The evidence shows a proper case for all the allowances made. 9 Ark. 517; 18 *Id.* 126; 44 *Id.* 430. A proper showing for divorce, alimony and allowances was made here, and none of the allowances were excessive. Cases *supra;* 90 Ark. 40; 114 *Id.* 516.

McCULLOCH, C. J. The plaintiff, Irma Wood, instituted this action in the chancery court of Jefferson County against her husband, W. L. Wood, Jr., to secure a decree for divorce and alimony. The complaint contains a prayer for allowance of attorney's fees, suit money and temporary alimony. The defendant responded to the petition for temporary allowance, and on the hearing the court allowed the plaintiff $400 for attorney's fees, $100 suit money, and $200 per month temporary alimony for support of herself and her child. An appeal has been prosecuted by the defendant from that allowance.

It appears from the allegations of the complaint and the testimony adduced that the parties lived together

in the city of Texarkana until the month of May, 1918, when plaintiff left defendant's home and returned to Pine Bluff, which was formerly her home, where her parents resided up to the time of their deaths. The ground for divorce set forth in the complaint is that the defendant has been guilty of such cruel treatment of plaintiff as to render her condition intolerable, and the complaint sets forth that the cruel treatment consisted of frequent instances of abusive and contemptuous language, studied neglect and indifference and malignant ridicule ''and every other plain manifestation of settled hate, alienation and estrangement, both of word and action.''

(1) Testimony was heard by the court directed to the issue of merit in the plaintiff's cause of action and to defendant's financial condition with respect to his ability to respond to an allowance in favor of plaintiff. It must be conceded that the proof in the present state of the record would not be sufficient to justify a decree for divorce, for the reason that the testimony of the plaintiff was not sufficiently corroborated. It is necessary in order to warrant a temporary allowance in a wife's suit for divorce to introduce testimony sufficient to show merit in the plaintiff's suit (*Slocum* v. *Slocum,* 86 Ark. 469), but it is not essential that her testimony on that question should be corroborated. A preponderance of the testimony is sufficient, and on appeal this court will not set aside an order of allowance unless it is against the preponderance of the testimony. We are of the opinion that the testimony is sufficient to show merit, as it tends to establish a cause of action for divorce under the decisions of this court. *Rose* v. *Rose,* 9 Ark. 517; *Haley* v. *Haley,* 44 Ark. 429; *Kientz* v. *Kientz,* 104 Ark. 381.

(2) It is insisted that the chancery court is without jurisdiction for the reason that the proof fails to show that plaintiff resided in the State of Arkansas. The statute conferring jurisdiction in such cases contemplates actual and not constructive residence, as was held in *Wood* v. *Wood,* 54 Ark. 172, and *Vanness* v. *Vanness,* 128 Ark. 543, but the proof is sufficient to show that plaintiff resided

in Jefferson County, Arkansas, where the suit was brought, and that she had never removed from this State, but that her absence of a few months on a visit to her sister in Mississippi was only temporary.

(2)   This brings us to a consideration of the contention of learned counsel for defendant that the allowance of the chancellor was excessive with respect to both the attorneys' fees and temporary alimony.   It is shown that the defendant is getting a salary of $5,200 per annum as manager or superintendent of a public service corporation in the city of Texarkana; that he owns a residence of the value of from $3,000 to $5,000, mortgaged to a building and loan association, and also owns a farm now worth about $5,000, with a probable increase in value within the next year or two to $7,000 or $8,000 in value. The farm is undeveloped as yet and yields very little income.   It is not shown in the record whether the allowance of $400 for attorneys' fees was to cover the entire services in the case of the attorneys, but we assume that it was so intended, including those services to be rendered in the further progress of the case, and in this view of the matter, we can not say that the allowance is excessive.   *Slocum* v. *Slocum, supra.*   Neither can we say that the allowance of $200 per month to plaintiff for the support of herself and child is, under the circumstances, excessive.   This is less than half of defendant's monthly income, and in addition to that he has his home in Texarkana.   It is true that the proof shows that defendant is spending a considerable amount annually in developing the farm and paying taxes thereon, but that is a matter of investment and not a fixed charge against his income.

It is claimed also that sums paid monthly to the building and loan association as dues should be deducted from defendant's income in considering the amount of allowance to be made, but that, too, is an investment in the way of removing an encumbrance from the home.   Of course, this matter is determined at present merely as a temporary allowance and might be viewed in a different light if made permanent on a final hearing of the case.

We confine ourselves now merely to a decision that under the proof adduced, the allowance is not excessive as a temporary one during the pendency of the suit for divorce. It is not contended that the allowance of $100 as suit money is excessive.

Decree affirmed.