CARLSON *v.* CARLSON.

4-5464                                      128 S. W. 2d 242

Opinion delivered May 8, 1939.

232

*Franklin Wilder* and *Vincent J. Narisi,* for appellant.

SMITH, J. Appellant filed suit in the Fort Smith district of Sebastian chancery court for divorce on June 20, 1938, but he was denied that relief in the decree from which is this appeal rendered October 20, 1938.

He alleged indignities rendering his condition intolerable, but the ground chiefly relied upon was his separation from his wife for a period of more than three years prior to the institution of this suit. He prayed the granting of the divorce pursuant to the seventh paragraph of act 167 of the Acts of 1937, p. 630, which reads as follows: "Seventh. Divorce from the bonds of matrimony may be obtained, in addition to the causes now provided by law, and subject to the same procedure and requirements, for the following cause: When the husband and wife have lived apart for three consecutive years without cohabitation the court shall grant an absolute decree of divorce at the suit of either party."

The suit was brought under act 71 of the Acts of 1931, p. 201, commonly referred to as the 90-Day Divorce Law, which appears as § 4386, Pope's Digest. This act permits a person previously residing in some other state to sue for a divorce in this state upon "A residence in the state for three months next before the final judgment granting a divorce in the action and a residence for two months next before the commencement of the action."

The court denied a divorce upon two grounds: (1) that appellant had not shown the residence in this state required by act 71 of the Acts of 1931, and (2) that he had

not established a ground for divorce under act 167 of the Acts of 1937.

Upon the first question the court found that appellant had been a resident of the state for two months before filing the suit in June, but that "he absented himself from the state from the latter part of June, 1938, until about the middle of October," which was only a few days before the rendition of the decree here appealed from. The testimony fully sustains this finding, and the court, therefore, properly held that appellant had not been a resident of this state for the three months' period required by law.

In the case of *Squire* v. *Squire*, 186 Ark. 511, 54 S. W. 2d 281, it was said that "Even though she (the plaintiff) moved to this state to bring a divorce suit and had the intention of leaving after the divorce was granted, this would not deprive the court of jurisdiction, if she were actually and in good faith a *bona fide* resident for the period prescribed by the statute."

This does not mean that the plaintiff shall not, at any time during the three months' residence, leave the state for any purpose. *Denison* v. *Denison*, 189 Ark. 239, 71 S. W. 2d 1055. He may reside here as would any other resident, but during all of this three months' period he must be a resident of this state, and not of some other. The act of 1931 does not contemplate that one may come into this state, pay three months' board, leave the state, and then return to prosecute his suit upon the theory that he has resided in the state for three months.

The court was fully warranted in finding that appellant had not been "in good faith a *bona fide* resident for the period prescribed by the statute." The statute requires actual—and not constructive—residence. *Wood* v. *Wood*, 54 Ark. 172, 15 S. W. 459; *McLaughlin* v. *McLaughlin*, 193 Ark. 207, 99 S. W. 2d 571. The annotation to the case of *Hiles* v. *Hiles*, 164 Va. 131, 178 S. E. 913, 106 A. L. R. 1, discusses this question very extensively.

We are, also, of the opinion that the court was correct in finding that appellant was not entitled to a divorce under the provisions of act 167 of the Acts of 1937, even

# 234

though he had become a resident under act 71 of the Acts of 1931. The testimony as to the ground for divorce is to the following effect. Appellant's wife became and is now insane, and for more than three years prior to the institution of this suit was confined in a hospital for the insane in the state of Nebraska. Her insanity was shown to be permanent and incurable. Appellant insists that inasmuch as he and his wife had lived apart for three consecutive years without cohabitation he has ground for divorce on that account.

We do not think so. From 1873 to 1895 insanity was a ground for divorce in this state, but since the last mentioned date it has not been. In construing act 167 of the Acts of 1937 in the case of *White* v. *White,* 196 Ark. 29, 116 S. W. 2d 616, we said: "This (the act) contemplates an agreement or understanding between the parties that they will act in concert of purpose, voluntarily living apart for three years. At the end of such period either may obtain a divorce from the other by alleging and establishig mutuality of such separation."

There is involved here no act of volition on the part of the wife. She was insane, and cannot be said to have voluntarily lived apart from her husband, and there is no element of mutuality in the separation. To hold that such a separation was ground for divorce would, in effect, be a holding that insanity, continuing for the required period, was a ground for divorce, and would constitute insanity desertion. The law does not so provide.

We conclude, therefore, that the court below properly denied the prayer for divorce upon both grounds here discussed, and that decree must be and is affirmed.

Holt, J., disqualified and not participating.