O'KEEFE· v. O'KEEFE.

4-7837                                    192 S. W. 2d 556

Opinion delivered February 25, 1946.

838

*H. S. Grant,* for appellant.

McFADDIN, J. The question at issue in this appeal is whether appellant, Frank O'Keefe, proved a legal residence in the State of Arkansas.

On February 8, 1945, Frank O'Keefe filed this suit for divorce against Pearl O'Keefe; and the complaint contained legally sufficient allegations. The defendant was constructively summoned, but made no appearance. On June 27, 1945, evidence was heard in open court. Frank O'Keefe testified that the parties were married and separated in Pennsylvania; that he was living in Pennsylvania when he joined the armed forces of the United States; that, at the time of testifying, he was a private first class in the U. S. Marine Corps, and stationed at the Marine camp near Newport; that his duties were the maintenance of telephone lines at the Newport Air Base; that he was not required to sleep at the base, and that he maintained a room elsewhere. The witness answered the court's questions as follows: "Q. You are a member of the U. S. Army? A. The Marine Corps, sir. Q. Did you select Jackson county for your residence and place to train, or were you sent here? A. Well, sir, I was sent here, but after I got here I saw what kind of country it is, and I decided that after the war is over, if I am still here, I will just stay, and if I have been moved I will come back here and make my home and go into the cattle business. I intend to make this my permanent residence."

The only attempted corroboration of residence was the testimony of the tax assessor of Jackson county, who stated that just a few days prior to June 27, 1945, the date of the hearing, Frank O'Keefe had assessed a poll tax in Jackson county. The court observed that this occurred after the filing of the suit. Without any other evidence being offered on the question of the residence of the plaintiff, the trial court ruled that the plaintiff had not proved a legal residence in Arkansas. From that decree there is this appeal. We affirm the chancery court. Several points present themselves.

I. *Residence of Person in the Armed Forces.* We have several recent cases on the question of residence of one in the armed forces. Some of these cases are: *Kennedy* v. *Kennedy*, 205 Ark. 650, 169 S. W. 2d 876, and *Mohr* v. *Mohr*, 206 Ark. 1094, 178 S. W. 2d 502. There is an exhaustive annotation on "Domicile or Residence of Person in the Armed Forces" in 148 A. L. R. 1413. This annotation is supplemented in 157 A. L. R. 1462, where the intervening supplementary annotations are listed. In *Mohr* v. *Mohr, supra,* we said: "There are cases which hold that a person in the service of the United States may acquire residence in a state where he is in service sufficiently to invoke the jurisdiction of the courts of that state in divorce matters. Some of the more recent of such cases are *Gipson* v. *Gipson,* 151 Fla. 587, 10 So. 2d 82; *St. John* v. *St. John,* 291 Ky. 363, 163 S. W. 2d 820; *Hawkins* v. *Winstead,* (Idaho) 138 Pac. 2d 972. But in each of these cases there was something more than mere presence at a military post in the state. Without lengthening this opinion to analyze the holdings of other courts we hold that there must be overt acts sufficient to demonstrate a real and *bona fide* intent to acquire residence here before the State of Arkansas—as a silent third party to every divorce suit here—will allow its courts to be used as the haven of the transient and dissatisfied spouse."

It is legally possible for a person in the armed forces to acquire a residence in Arkansas, but it is a question of fact in each case.

II. *Proof of Residence Is Required.* But, even giving the plaintiff's testimony, as above referred to, its full force and effect, still the plaintiff did not sufficiently prove a legal residence in Arkansas for the time required under our statute. Section 4386 of Pope's Digest says, in part: "The plaintiff, to obtain a divorce, must prove, . . . in addition to a legal cause of divorce: . . . a residence in the state . . . . for two months next before the commencement of the action." The evidence in this case fails to show when the plaintiff came to Arkansas, so, even under his own testimony, he did not prove residence as required by the statute, *supra.*

III. *Proof of Residence Must Be Corroborated, the Same as Every Other Fact in a Divorce Case.* Section 4386, Pope's Digest, as quoted, *supra,* says that residence must be proved "in addition to a legal cause of divorce." Section 4385, Pope's Digest, says: "The statements of the complaint for a divorce shall not be taken as true because of the defendant's failure to answer, . . ."

In numerous cases, we have discussed the necessity of corroborative evidence in divorce actions. Some of these cases are: *Scarborough* v. *Scarborough,* 54 Ark. 20, 14 S. W. 1098; *Sisk* v. *Sisk,* 99 Ark. 94, 136 S. W. 987; *Johnson* v. *Johnson,* 122 Ark. 276, 182 S. W. 897; *Pryor* v. *Pryor,* 151 Ark. 150, 235 S. W. 419. In 19 C. J. 136, as well as in 27 C. J. S., Divorce, § 138, 736, the rule is stated in regard to proof of residence of plaintiff in a divorce action: ". . . as a rule the testimony of complainant, if controverted, will not be accepted as sufficient to establish residence, until it is corroborated." By force of §§ 4385-6 of Pope's Digest, all essential facts are considered as controverted in divorce actions, and it is therefore clear that proof of residence must be corroborated the same as any other essential fact.

In the case at bar there was no corroboration of plaintiff's claim of residence. The only proffered corroboration was the testimony of the tax assessor, which related to a poll tax assessment made a few days before

the trial. Certainly, such assessment did not tend to show that plaintiff had established a *bona fide* residence in Arkansas sixty days before February 8, 1945, the filing date of the cause. We might adopt as our own the language used by the California court in *Bragg* v. *Bragg,* 32 Cal. App. 2d 611, 90 Pac. 2d 329, where, in discussing the necessity of corroboration of residence, the court said: ". . . the testimony of the respondent as to his 'intentions' is without semblance of any corroboration either direct or circumstantial . . . Such proof of *bona fide* residence and corroboration thereof is necessary in proceedings of this nature."

The decree of the chancery court is, therefore, affirmed, but without prejudice to the plaintiff's right to file a new suit, if and when he establishes *bona fide* residence in Arkansas.