LEO *v.* LEO.

4-8889                                   220 S. W. 2d 419

Opinion delivered May 16, 1949.

Franklin Wilder, for appellant.

Floyd E. Barham, for appellee.

GRIFFIN SMITH, Chief Justice. Joseph Leo, Jr., left Gloucester, Mass., in 1948, arriving in Fort Smith July 4th. His suit for divorce was filed 62 days later, alleging cruelty, and separation for three years. The complaint was dismissed December 21 because the plaintiff was not a *bona fide* resident of Arkansas, either when the suit was brought or when the decree was rendered. An order was entered directing Joseph to pay his wife, Annie Belle, $50 per month, less conditional credits. The appeal questions correctness of each order.

The Chancellor believed that reasonable inferences arising from the evidence disclosed an intent by the plaintiff to utilize the State's quick-divorce machinery and then return East. It is urged, however, that there was no testimony affirmatively disclosing such a purpose. In this respect the appellant is correct. However, intent, purpose, or design may be reflected by conduct more convincing than the spoken word. Before determining that the plaintiff was not a resident of Arkansas, the Chancellor considered oral testimony, and a number of depositions. On the question of cruel treatment the pattern characteristic of such cases was followed—one side affirming, the other denying, and making counter accusations. Here is an example:

*Witness for Joseph:* "Mrs. Leo was cruel. She called him 'fool', 'crazy', a 'jerk', a 'dope', and 'one

damned fool'. She swore at and cursed him, constantly belittled him, and as a result he suffered a nervous breakdown in 1943, for which he is still under medical treatment''.

*Witness for. Annie Belle:* ''They used to visit me about once a week, both before and after they were married, and appeared to be sweethearts, and fondly attached to each other until Joseph ran away, leaving her 'flat' in 1945''.

Other testimony was equally contradictory.

A plaintiff's veracity may be judged by depositions procured and used on his behalf, as well as by testimony given in open Court. In determining what credit should be given Joseph's claim that he came to Arkansas on a doctor's order,[1] and intended to make Ft. Smith his home, the Chancellor weighed all of the testimony and reached an appraisement balance against the plaintiff. Joseph, being before the Court, and the Chancellor having found from what he said, the way he said it, and from the record as a whole, that Joseph did not intend to become a resident, the burden then passed to appellant to show, on appeal, that a preponderance of the evidence established a result contrary to the decree; and this he has not done. *Cassen* v. *Cassen,* 211 Ark. 582, 201 S. W. 2d 585.

Appellant's final contention is that if the trial Court lacked jurisdiction to grant the divorce, it was without power to award maintenance. The contrary rule has been followed. *Mohr* v. *Mohr,* 206 Ark. 1094, 178 S. W. 2d 502.

Affirmed.

Mr. Justice Holt did not participate in the consideration or determination of this case.

---

[1] A Massachusetts physician testified by deposition that Joseph Leo suffered from catarrh and earache, and that a warmer climate would be beneficial; hence, Arkansas was suggested.