223 P.2d 950

**HAMPSHIRE v. HAMPSHIRE.**

No. 7602.

Supreme Court of Idaho.

Nov. 10, 1950.

John W. Cramer, Lewiston, for respondent.

Paul W. Hyatt, Lewiston, for appellant.

524

KEETON, Justice.

Plaintiff, respondent here, a soldier stationed at Walla Walla, Washington, a resident at the time of his enlistment of Medford, Oregon, brought this action for divorce from the appellant on the ground of five years continuous separation, without cohabitation. Sec. 32-610, I.C. The complaint was filed February 25, 1949, and alleged that the parties were married in December, 1925, in New York City; that the plaintiff was a resident of the State of Idaho, and had been for six weeks prior to the commencement of the action.

Appellant appeared, denied that the plaintiff was or ever had been a resident of this State, and in an affirmative defense alleged recrimination, Sec. 32-613, I.C., and that the respondent had been guilty of adultery.

On the issues framed, the cause was tried and findings of fact, conclusions of law and decree entered in favor of the respondent, granting him a decree of divorce, and ordering that he pay $25.00 per month for the support of a child the issue of the marriage. Appellant, defendant below, appealed from the decree.

Appellant assigns as error the finding of the trial court: "That plaintiff is now, and for more than six weeks prior to the filing of the complaint herein has been, a resident of the State of Idaho".

To establish residence in Idaho respondent, corroborated by a witness giving her name as Lucille Hampshire, testified that he was living in a residence in Prescott, Washington, during the months of December, 1948, January, February, March, April, May and June, 1949; that he maintained a home there in which he lived; that at the time of, and prior to enlistment he lived in Oregon; that he came to Idaho from Prescott, Washington, stayed in a hotel overnight; in a tourist cabin two nights; bought a car license in Idaho, and had mail addressed to him at Lewiston; attempted to buy or rent property in Lewiston, and if and when he was discharged from the military service, and secured a job with the engineers, he intended and expected to move to Idaho, and make his permanent residence there.

Such a showing is insufficient to prove an Idaho residence and the finding of the trial court that the respondent had been a resident of the state of Idaho for six weeks next preceding the commencement of the action is not supported by the evidence, and is in conflict therewith.

Sec. 32-701, I.C., provides: "A divorce must not be granted unless the plaintiff has been a resident of the state for six full weeks next preceding the commencement of the action."

To constitute a residence within the meaning of the divorce statute, there

must be a habitation or abode in a particular place, for the required time, and an intention to remain there permanently or indefinitely. An actual residence as distinguished from a constructive one is required. 17 Am.Jur. 280; 27 C.J.S., Divorce, § 76, page 644; Wood v. Wood, 140 Ark. 361, 215 S.W. 681.

It is essential before a person can lawfully file a complaint for divorce that he shall have been actually a bona fide resident of the State for six weeks preceding the commencement of the action. An intention to reside in Idaho at some future time is insufficient.

In the case before us, the undisputed facts and the admissions of the plaintiff establish that he never had a residence or domicile in the State; that for the period of time required, preceding the commencement of the action, he was in the military forces of the United States living at Prescott, Washington. He was either a resident of Oregon (his residence when he enlisted) or Washington.

The respondent not having been a resident of the State for six weeks prior to filing the complaint and not having been physically present in Idaho, with the exceptions above noted, was not legally qualified to prosecute an action for divorce. 27 C.J.S., Divorce, § 76, page 644; Wood v. Wood, 140 Ark. 361, 215 S.W. 681; Carlson v. Carlson, 198 Ark. 231, 128 S.W.2d 242; Murphy v. Murphy, 200 Ark. 458, 140 S.W. 2d 416.

The appellant assigns as error the finding of the trial court that the respondent was not guilty of willful desertion and the finding that he was not guilty of adultery, and contends that $25.00 a month allowed by the court for the support of the child, the issue of the marriage, is insufficient and that under the showing made the appellant is entitled to a larger amount.

As the decree granting the respondent a divorce must be set aside, due to the failure of proof of his being a resident of the State for the necessary period, the recriminatory defenses will not be discussed except insofar as the same are pertinent to the issue of the amount of support money allowed.

Viewing the testimony in the light most favorable to the respondent, it discloses that about the year 1940, or prior thereto, he separated himself from the appellant and his child, and except when compelled to do so by allotment taken from his pay while in the military forces of the United States, contributed nothing to the support of his wife and child. According to his testimony he lived with another woman from about the year 1937 up to and including the time of the trial. The appellant supported herself and their child, and for long periods of time neither heard from the respondent, nor knew his whereabouts.

The respondent, as a member of the armed forces, receives the sum of $126.00 a month after all deductions are taken for family allowance, and further receives $2.25

526

per day as commutation of rations when living off a military post.

■ In its findings the court found that respondent had allotted $10.00 per month of his pay to the Air Force Aid Society to liquidate an indebtedness, and that he owes the American Red Cross the sum of approximately $170.00. The incurring of these debts is not the fault of the appellant, nor did she derive any benefit therefrom, and does not relieve the respondent of his duty to support the child. It is the duty of the husband (with exceptions not here necessary to discuss) to support his wife and child, and not the duty of the wife to support him, and if he now finds himself involved in entanglements the net was knotted by his own voluntary acts.

The fact that appellant has an earning capacity as a nurse does not relieve the respondent of his responsibility.

■ Even though a divorce is denied the court has jurisdiction to direct payment of maintenance and support for wife who is separated from husband and for the child or children the issue of the marriage. Simonton v. Simonton, 33 Idaho 255, 193 P. 386; Sauvageau v. Sauvageau, 59 Idaho 190, 81 P.2d 731; Hiltbrand v. Hiltbrand, 68 Idaho 275, 193 P.2d 391.

■■ The reasonableness of the amount allowed for support of a wife, child or children depends largely upon the needs of the children and the financial condition of the father, including his earning capacity, and the amount of such award is subject to review on appeal. Enders v. Enders, 36 Idaho 481, 211 P. 549; 27 C.J.S., Divorce, § 232, page 948.

To relieve respondent of his duty to his wife and child on the showing made here would allow him to flagrantly violate his marriage vows, be contrary to public policy, put a premium on immorality, reward him for his misconduct, and permit him to gain an advantage because of his own wrong.

■ When we consider the ability of the respondent to pay, the present high cost of living, the needs of a growing boy, and other surrounding facts and circumstances, it is apparent that the amount allowed is inadequate, and the appellant should be awarded the sum of $50.00 per month, commencing August 1, 1949, for the support of the child. This amount is to be inclusive of any payments made by the government for the same purpose.

We conclude that the trial court erred in not finding in favor of the defendant, denying the divorce. The decree granting the divorce is reversed, with directions to the trial court to annul the decree of divorce and enter judgment in favor of the defendant and against the plaintiff, requiring him to pay appellant $50.00 per month for the support of the child, commencing August 1, 1949.

Costs to appellant.

GIVENS, C. J., PORTER and TAYLOR, JJ., and SUTTON, D. J., concur.