The Honorable Neely Cassady State Senator P.O. Box 1810 Nashville, Arkansas 71852
Dear Senator Cassady:
This is in response to your request for an opinion on the following question:
 Can an individual legally serve as a board member of an Arkansas public school while maintaining residency in another state where he is employed and spends a major part of his time?
Specifically, you note that one of the Hope School Board members has been reassigned as a pastor of a church in Tennessee. He has enrolled his children in school there and spends the majority of his time there. He has told the Board president, however, that his assignment is for one year only and that Hope is his formal residence.
It is my opinion that the question of whether this individual is still qualified to hold his position as school board member is one of fact which this office is neither equipped nor empowered to answer. It will turn, however, in large part upon the director's intention as to his permanent home.
The relevant Arkansas statute is A.C.A. 6-13-616 (Supp. 1989), which provides in pertinent part as follows:
 (a) Except as provided in subsection (b) of this section, no person shall be eligible to be a member of any school district board of directors in this state unless he is a bona fide resident and qualified elector of the school district which he serves.
Thus, in order to remain qualified to hold his position, the director must be a "bona fide resident" and a "qualified elector" of the school district. We will analyze each requirement separately.
It has been held in Arkansas that in determining the qualifications of voters and public officials, the word "residence" is usually treated as if it were synonymous with "domicile". Charisse v. Eldred, 252 Ark. 101, 477 S.W.2d 480
(1972). In other contexts, the two terms are held not synonymous. See, e.g., Goodwin v. Harrison, 300 Ark. 474,780 S.W.2d 518 (1989). In addition, the Arkansas Supreme Court has stated that the term "bona fide residence" as used in a divorce statute, means "domicile". Cassen v. Cassen,211 Ark. 582, 201 S.W.2d 585 (1947).
Black's Law Dictionary, (5th ed. 1979) defines "domicile" as follows:
 That place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning. [Citation omitted.] The permanent residence of a person or the place to which he intends to return even though he may actually reside elsewhere. A person may have more than one residence but only one domicile. The legal domicile of a person is important since it, rather than the actual residence, often controls the jurisdiction of the taxing authorities and determines where a person may exercise the privilege of voting and other legal rights and privileges. The established, fixed, permanent, or ordinary dwelling-place or place of residence of a person, as distinguished from his temporary and transient, though actual, place of residence. It is his legal residence, as distinguished from his temporary place of abode; or his home, as distinguished from place to which business or pleasure may temporarily call him.
Black's supra, at 435.
The question of whether this director is a "bona fide resident" of Hope School District is a question of fact, taking into consideration the factors listed above, and the intention of the school director as to his permanent home. It is possible that the answer to your question is "yes", depending upon these considerations.
We do not feel that the case of Cummings v. Washington Election Commission, 291 Ark. 354, 724 S.W.2d 486 (1987) demands a contrary result. In that case, the Arkansas Supreme Court held that a woman who lived on land located partly in one school district and partly in another, and who sent her children to the school district in which the actual family home was not located according to A.C.A. 6-20-616(b) [6-13-616(b)], was not eligible to serve on the school board of the school district in which the home was not located. The court said that the prospective candidate was not, and did not claim to be, a resident of that district. The court thus held that she was clearly ineligible to serve on the school board.
At issue in the Cummings case was not a dual residence. The prospective candidate in that case did not actually have a disputed domicile, as in the issue before us now. In Cummings, it was clear that the only domicile claimed was the one in the school district in which the prospective candidate's home was located. The fact that she owned land in another school district is not tantamount to a claim of domicile there.
For the Hope School Board member to retain eligibility to hold his position, he must also be a "qualified elector" of the school district. This officer has previously opined that residency for voter qualification purposes is the equivalent of "domicile". See Opinion No. 89-357 a copy of which is attached hereto. Thus, in order to be a "qualified elector" there must be an element of permanence as to residency. See. e.g. Ptak v. Jameson, 215 Ark. 292, 220 S.W.2d 592 (1949). The Arkansas Supreme Court has held that an extended absence for work purposes will not necessarily cause a forfeiture of voting residence, depending upon the particular facts. Pike Co. School District No. 1 v. Pike Co. Ed. Board, 247 Ark. 9,444 S.W.2d 72 (1969).
We assume that each of the other factors which rendered this individual a "qualified elector" prior to his move to Tennessee have remained constant, (e.g. he is over the age of eighteen, etc. . .). We will note, however, that the question of whether this individual remains a "qualified elector" is a factual one, and must be analyzed in light of the particular circumstances existing at the relevant time.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb