CUNNINGHAM *v.* CHAMBLIN.

5-1167                                    299 S. W. 2d 89

Opinion delivered February 18, 1957.

390

*Omar F. Greene* and *Douglas Bradley,* for appellant.

*Elbert S. Johnson,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellant is an illiterate Negro farm laborer who lives at Dell, Arkansas. He filed this suit against appellee, W. D. Chamblin, doing business as Chamblin Sales Company, to cancel a note and conditional sales contract as usurious and for damages allegedly resulting from the unlawful conversion of the automobile involved in the transaction.

At the trial it was agreed that the question of usury would first be determined. Appellant presented proof to the effect that he and his wife went to appellee's place of business in Blytheville, Arkansas, on October 29, 1955, when appellant purchased a 1949 model Packard automobile from appellee. Appellant and his wife both testified that a purchase price of $395.00 with a down payment of $100.00 was then and there agreed upon and that a written memorandum introduced by appellant to that effect was furnished by appellee. Either on the same date or a week later, when appellant made a payment of $25.00 on the balance, he executed a conditional sales contract showing a "Time differential Price (credit purchase price)" of $493.00. After credit of the $100.00 down payment the contract provided for payment of the $393.00 balance in 19 weekly installments of $20.00 and one payment of $13.00, beginning November 5, 1955.

In addition to the down payment appellant had paid $190.00 of the balance on December 14, 1955, when he and his family stopped near appellee's place of business and

appellant's 14 year old son was sent to make a payment of $14.00 on the contract. After accepting the payment appellee sent an employee to the car where appellant and other members of his family were waiting. The employee directed that the car be driven on appellee's lot and left there and this was done.

At the conclusion of the foregoing proof by appellant the appellee moved for a "directed verdict" on the ground that appellant had not shown sufficient proof of usury. Appellant also moved for a "directed verdict," whereupon, the court entered a decree finding there was no proof of usury and dismissing the complaint.

We have held that a motion by the defendant for a "directed verdict" at the close of plaintiff's proof in a chancery case may be treated as one challenging the sufficiency of the evidence under Ark. Stats., Sec. 27-1729; and that the requirement that such motion be in writing may be waived by plaintiff's failure to object on that ground. *Thompson* v. *Murdock Acceptance Corp.*, 223 Ark. 483, 267 S. W. 2d 11; *Karoley* v. *Reid*, 223 Ark. 737, 269 S. W. 2d 322. It is also settled that, in passing on a demurrer to the evidence filed by a defendant under the statute, the chancellor must view the testimony in the light most favorable to the plaintiff, and if so viewed a *prima facie* case has been made then the demurrer should be overruled. *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225.

According to appellant's proof the parties agreed on a purchase price of $395.00 for the automobile without regard to whether the sale was for cash or on credit, and a down payment of $100.00 was made leaving a balance of $295.00. But under the conditional sales contract appellant was required to pay $393.00 over a period of 21 weeks without any indication that any part of the $98.00 differential was for anything other than interest. In *Hare* v. *General Contract Purchase Corp.*, 220 Ark. 601, 249 S. W. 2d 973, we reaffirmed the following statement of the court in *Ford* v. *Hancock*, 36 Ark. 248: "It is not usury for one who sells a piece of property on credit, to contract for a higher price than he would have

sold it at for cash. If the intention be, in fact, to sell on credit, he has the right to fix a price greater than the cash price, with legal interest added; but if the sale be really made on a cash estimate, and time be given to pay the same, and an amount is assumed to be paid greater than the cash price, with legal interest, would amount to, this is an agreement for forbearance that is usurious. Therefore, where the intention is not apparent, it is a question for the jury to determine, whether it was a *bona fide* credit sale, or a device to cover usury. Tyler on Usury, 92.'' In the *Hare* case we also condemned the practice of using the credit price rule as a means of obtaining more than a 10% return upon what is in form a sale but is in substance a loan, saying: ''Buying at a credit price, as distinguished from a cash price, has largely disappeared in fact, but is being used as a cloak for usury in many cases by such words as ''time price differential,'' or some other such language.'' See also, *Crisco* v. *Murdock Acceptance Corp.,* 222 Ark. 127, 258 S. W. 2d 551.

When viewed in the manner required under the statute, the appellant's proof was sufficient to make a *prima facie* case of usury and the cause should be reversed for further development unless appellant forfeited his right to insist on such procedure by himself moving for a ''directed verdict.'' Sec. 27-1729, *supra,* provides only for a demurrer to the plaintiff's evidence by the defendant in a chancery case and did not contemplate the filing of a counter demurrer or motion by the plaintiff, as is sometimes done in law cases at the conclusion of all the evidence. As we view the situation, appellant's counter motion for a ''directed verdict'' was simply out of order and should be ignored. The decree is accordingly reversed and the cause remanded for further proceedings.