### WEAVER v. WEAVER.

5-1967 329 S. W. 2d 422

Opinion delivered December 7, 1959.

*Paul K. Roberts,* for appellant.

No brief filed for appellee.

ED. F. McFADDIN, Associate Justice. This is a divorce case and the question is whether the Trial Court was correct in sustaining the defendant's demurrer to

the plaintiff's evidence on the issue of residence or domicile.

The appellant, Mrs. Weaver, was plaintiff below. She filed suit for divorce on May 23, 1958 alleging, *inter alia,* that she lived in Bradley County, Arkansas; that the parties were married in Bradley County in December, 1948, and lived there together as husband and wife until May, 1958, "when plaintiff was forced to leave defendant because of his indignities toward her". In his answer, Mr. Weaver said: ". . . that this plaintiff has unlawfully removed their two children, both of whom are beyond the age of tender years, from the jurisdiction of this Court, . . ."

In the trial before the Court on December 5, 1958 Mrs. Weaver testified, as regards her residence and domicile:

"I am working in the Methodist Hospital in Memphis, Tennessee, as a nurses' aid. I went up there May 24, 1958. My home is in Bradley County, Warren, Arkansas. I have maintained my home here all my life. The reason I am in Memphis is because I am trying to make a living for my two children. I could not get employment here. I am in Memphis temporarily. I am living with my mother, Mrs. Ella Dearman, 4127 Mamie Drive. . . . I am there temporarily. The only time I have been in Bradley County since I left here was on visits and a vacation."

To corroborate her testimony as to residence or domicile in Bradley County, Mrs. Weaver called two witnesses, being Mrs. Tate and Mrs. Nichols. Mrs. Tate's testimony was: "I have known Mr. and Mrs. Weaver for five or six years. I lived neighbors to them here on Shop Street in Warren from 1952 until about two months ago. From 1952 on my husband and I visited the Weavers in their home". Mrs. Nichols' testimony was: "I have known Mr. and Mrs. Arthur Weaver for years. They lived on Shop Street here in Warren. I know from my own personal knowledge that Mrs. Weaver has been a resident of Bradley County, Arkansas, for the last 9 years. She went to Memphis on May 23 or 24 in 1958."

At the close of the plaintiff's case, **Mr.** Weaver filed a demurrer (Act No. 470 of 1949, as found in § 27-1729 Ark. Stats.) to the plaintiff's evidence, saying: "There has been no corroboration that the plaintiff is a resident of Arkansas. There has been no proof that the plaintiff is a resident of Arkansas". The Trial Court sustained the demurrer; and we conclude that the Court was in error. Under our holding in *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225, the evidence in behalf of the plaintiff should have been given its strongest probative force, and the demurrer should have been overruled if, from such evidence, the Court could have found that Mrs. Weaver was still domiciled in Bradley County and only temporarily away. We believe that it was possible for such a finding to have been made. We are not deciding here as to what the Chancery Court would hold on final weighing of the evidence: the issue here is whether there was enough evidence on residence or domicile to require a final weighing; and we hold that there was.

This case presents the repeatedly recurring distinction between *domicile* and *residence*. Prior to 1931 it was the holding of this Court that divorce proceedings could only be maintained in the county of domicile of the plaintiff or cross-complainant. But the Arkansas Legislature, by Act No. 71 of 1931, enacted that mere residence of the plaintiff was sufficient to give Arkansas courts jurisdiction for divorce. In *Squire* v. *Squire* (decided November 21, 1932), 186 Ark. 511, 54 S. W. 2d 281, this Court upheld the Act No. 71 of 1931. It is apparent that this decision did not destroy domicile as a basis for jurisdiction: it merely allowed residence as an additional basis. In other words, Arkansas would grant divorces on either domicile or residence, whichever be proved.

The rule of *Squire* v. *Squire* remained the law of Arkansas until April 28, 1947, when this Court, in *Cassen* v. *Cassen*, 211 Ark. 582, 201 S. W. 2d 585, overruled *Squire* v. *Squire* and returned to the old rule of domicile as the essential for jurisdiction: in other words, we held residence alone was not sufficient. Then the Arkan-

sas Legislature, by Act No. 36 of 1957, enacted that residence alone would be sufficient. The said Act specifically stated that *Squire* v. *Squire* was to be followed, rather than *Cassen* v. *Cassen*. In *Wheat* v. *Wheat* (decided by this Court on December 22, 1958), 229 Ark. 842, 318 S. W. 2d 793, this Court[1] upheld the Act No. 36 of 1957. So that now mere residence is sufficient for jurisdiction in divorce cases; but certainly domicile is still, and always has been, sufficient. In *Wheat* v. *Wheat* the majority recognized that Arkansas divorces based on mere residence may not be entitled to full faith and credit in other States, whereas, divorces based on domicile are entitled to full faith and credit in other States. Thus, the majority opinion recognized that jurisdiction has all the time existed based on domicile.

In the case at bar, Mrs. Weaver certainly had a domicile somewhere. She testified that her domicile was in Bradley County, Arkansas, and that she was working in Memphis only temporarily and that she returned to Bradley County on visits and on her vacation. The divorce suit was filed May 23, 1958. Mrs. Weaver's neighbors testified that she had lived in Bradley County for more than nine years and that she did not go to Memphis until May, 1958, and had been back on visits. Had she acquired a domicile in Tennessee? Domicile includes the *animus manendi*: a person acquiring a domicile keeps such domicile until another one is acquired. Of domicile, the Supreme Court of the United States has

---

[1] In *Wheat* v. *Wheat* this Court said: "The legal history that lay behind Act 36 is well known. The Civil Code of 1869 required the plaintiff in a divorce case to prove residence in the state for one year next before the commencement of the action. C. & M. Digest § 3505. In 1931 the legislature amended the statute to require only that the plaintiff prove residence for three months next before the judgment and for two months next before the commencement of the action. Ark. Stats. § 34-1208. In 1932 we held that the amended statute meant residence only, not domicile. *Squire* v. *Squire*, 186 Ark. 511, 54 S. W. 2d 281. This interpretation was followed until 1947, when we overruled the Squire case and held that the statutory reference to residence meant domicile. *Cassen* v. *Cassen*, 211 Ark. 582, 201 S. W. 2d 585, noted in 2 Ark. L. Rev. 111. The Cassen case did not reach the constitutional question now presented, as the decision involved only an issue of statutory construction. It cannot be doubted that by Act 36 the legislature intended to restore the rule of the Squire case, for the emergency clause in the act refers specifically to that decision and to the Cassen case."

said in *Williams* v. *North Carolina,* 325 U. S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366: "Domicile implies a *nexus* between person and place of such permanence as to control the creation of legal relations and responsibilities of the utmost significance."

In *Troillet* v. *Troillet,* 227 Ark. 624, 300 S. W. 2d 273, we cited from *Oakes* v. *Oakes,* 219 Ark. 363, 242 S. W. 2d 128: "To effect a change of domicile from one locality, state, or country, to another, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence in another place or jurisdiction, with the intention of making the last acquired residence a permanent home. . . . The change of residence must be voluntary; the residence at the place chosen for the domicile must be actual, and to the fact of residence there must be added the *animus menendi*".

There was no showing that Mrs. Weaver had acquired a domicile in Tennessee; so it could have been found from the evidence that her Arkansas domicile continued. If such be true, then the Bradley Chancery Court had jurisdiction. It follows that the decree sustaining the plaintiff's demurrer is reversed and the cause is remanded for further proceedings not inconsistent with this **opinion.**