BOLAND *v.* BELLIS.

5-2227                                          339 S. W. 2d 424

Opinion delivered October 31, 1960.

*I. C. Burgess,* for appellant.

*Richard Mobley,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellant, S. O. Boland, brought this suit to cancel an alleged forged mineral deed. Appellees, J. H. Bellis and Heirs of J. H. Bellis, L. H. Owens, Heirs of L. H. Owens, W. E. Witt and Unknown Heirs of W. E. Witt, answered with a denial that the deed was forged. From a decree denying appellant the relief prayed is this appeal.

The record reflects that on March 1, 1929, E. A. Woods and wife [the record title owners of a tract of land containing 102 acres] purportedly conveyed a one-half undivided interest in and to the minerals under this land to J. H. Bellis. On April 29, 1930, following the death of J. H. Bellis, his heirs conveyed a part of their mineral rights in the above land to the appellees, Owens and Witt. It further appears that on January 2,

1935 [and recorded January 19, 1935] E. A. Woods and wife had executed and delivered a Federal Land Bank mortgage which recited that it was subject to the above mineral conveyance in question. On November 28, 1947, E. A. Woods and wife sold the 102 acre tract of land here involved to S. L. Boland.

In the trial, Boland claimed that the deed to Owens and Witt was a forgery and in an effort to prove his claim, produced two witnesses, himself and E. A. Woods. They both testified, in effect, that the deed to Owens and Witt was a forgery. As indicated, the testimony of these two witnesses was all the evidence introduced by appellant, Boland. At this point, appellant offered no further testimony. Appellees filed a demurrer to appellant's evidence, challenging its sufficiency to grant the relief sought under authority of Act 470 of 1949 [Ark. Stats. (1947) § 27-1729 as amended]. After hearing arguments the trial court sustained the demurrer and dismissed appellant's complaint and this appeal followed.

Appellees argue that, (1) appellant did not produce that quantum of proof required to set aside the mineral deed in question which was acknowledged, recorded, and allowed to remain unchallenged for over thirty years (2) appellant's proof, even when viewed in its most favorable light, shows that his case is barred by limitations and laches. Here we are confronted with a procedural question, a question of law and not of fact. The present case appears to be practically on all fours with our holding in *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, under a similar fact situation. We there pointed out that it was the duty of the trial court to give the plaintiff's [appellant] evidence its strongest probative force and to hold against the plaintiff only when after so considering the evidence it should fail to make a *prima facie* case. ''What, then, is the effect of a demurrer to the evidence or a similar pleading in jurisdictions recognizing that practice? The question may arise either in equity cases, where the chancellor is the arbiter of the facts, or in cases tried at law without a jury, where also the trial judge decides all issues of fact. By

the overwhelming weight of authority it is the trial court's duty, in passing upon either a demurrer to the evidence or a motion for judgment in law cases tried without a jury, to give the evidence its strongest probative force in favor of the plaintiff and to rule against the plaintiff only if his evidence when so considered fails to make a *prima facie* case.'' We reaffirmed this holding in the recent case of *Weaver* v. *Weaver,* 231 Ark. 341, 329 S. W. 2d 422.

On this record, we cannot say that there was no substantial evidence offered by appellant to make a *prima facie* case in his favor. We are not here deciding as to what the chancery court would hold on final weighing of the evidence. We hold that the court erred in sustaining appellees' demurrer and motion to dismiss and accordingly, the decree is reversed and the case remanded for further proceedings.

Reversed and remanded.

WARD and ROBINSON, JJ., concur.

PAUL WARD, Associate Justice, concurring. I am writing this concurrence to save for future consideration a point of law which the majority opinion does not mention. This question of law may be briefly stated as follows: Shall the grantee of real estate take notice, under any circumstance, of a forged deed which appears in his chain of title?

To better understand the point which I wish to make in this concurrence it will help to set forth the following brief statement of facts.

Eunice Woods owned the lands here in question prior to 1929; on March 2, 1929, there appeared of record a mineral deed (apparently) executed by Woods conveying a ½ interest in mineral rights to J. H. Bellis; in 1947 Woods conveyed the land to S. L. Boland (appellant) by warranty deed showing no exceptions to the full fee; when Boland bought the land and the abstract was delivered to him he had the abstract examined by an attorney of his choice. Eleven years later Boland instituted this action

to cancel·the said mineral deed on the ground that it was a forgery.

The majority opinion reverses the case under the rule in *Werbe* v. *Holt,* but did not discuss the question which I have mentioned above. It is my distinct understanding that the majority opinion makes no attempt to decide one way or the other the aforementioned question. It is with that understanding that I now concur and do not dissent.

I fully recognize and readily agree that the forged mineral deed (if it was forged) constituted no constructive notice to Woods as long as he held the land. If this were not true then Woods would be forced to search the records periodically to see if there was anything of record affecting his title. However in this case, when Boland bought the land in 1947 and had his abstract examined he could have, by the exercise of ordinary care, found the mineral deed as a cloud on his fee title. At that time he had a right to bring an action to set aside that cloud. That right however should not, for practical reasons, exist forever. It must follow therefore that he could lose this right under one of several statutes of limitations, none of which extend for a period of more than seven years. In this instance he waited eleven years and thereby, I think, lost his right to maintain this action.

I have been unable to find where this exact point of law has been considered in any of our opinions. However there is support for my view in other jurisdictions. In the case of *Duphhorne* v. *Moore,* 82 Kan. 159, 107 P. 791, the court was concerned with setting aside a deed induced by fraud and the court said: ''For the purpose of setting the statute of limitations in operation, the fraud is deemed to be discovered whenever it is discoverable by the exercise of the diligence reasonably to be expected of one in the position of the person defrauded under all the circumstances.''

Applying the reasoning in the above cited case only one result can be reached under the facts and circumstances in this case. If Boland had exercised the slightest diligence he would have discovered that a mineral deed

had been executed some twenty-five years previously; he must have known that there was a chance that his fee was likely to be impaired; he must be charged with lack of diligence when he paid Woods the full purchase price for the full fee knowing that he might not be getting ½ of the mineral rights. Therefore it is unreasonable and impractical to say that Boland did not have some kind of notice, or to say that this notice did not set in motion the statute of limitations.

SAM ROBINSON, Associate Justice, concurring. I concur for the purpose of pointing out that as I understand it, this case is decided here strictly on a point of procedure, in which we adhere to the rule announced in *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225. The Court does not reach the point of whether Boland, under all the circumstances, is barred by the principle of laches from proving the deed from Woods to Boland is a forgery.