MACK *v.* COLE.

5-2329                                        343 S. W. 2d 791

Opinion delivered March 13, 1961.

*Fred A. Newth, Cooper Jacoway,* for appellant.

*Howell, Price & Worsham,* for appellee.

J. SEABORN HOLT, Associate Justice. This is an action to set aside a deed allegedly procured by fraud. The record reflects that at the conclusion of appellant's testimony, the trial court sustained a demurrer by appellee to the plaintiff's [appellant's] evidence and dismissed appellant's complaint. This appeal followed. It appears that only one point is in serious contention here and that is—had the appellant made out a *prima facie* case?

During the course of the trial, witnesses testified on behalf of appellant, in effect, that when the above deed was executed, there was an agreement between Mrs. Cole [appellee] and Mrs. Mack [appellant] that Mrs. Mack was to reserve a life estate in the land involved. It is undisputed that the deed given by Mrs. Mack to Mrs. Cole did not reserve a life estate but was, in fact, a warranty deed in fee simple absolute, subject to a mortgage. At the time the Macks signed the deed here in question, December 15, 1958, conveying the land to Sadie Cole, Bessie Mac was 72 years of age and her husband [now deceased] was 73 years of age.

As above indicated, the defendant, at the close of plaintiff's [ appellant's] evidence, demurred to appellant's testimony and the trial court sustained this demurrer. We think the court erred in so doing. Our rule is well established that we must view appellant's testimony in its most favorable light to her and when after so viewing it a *prima facie* case is established, the demurrer should be overruled. After a review of all the testimony and giving to it its strongest probative force in favor of appellant, we think a *prima facie* case was established.

In *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, we said: "What, then, is the effect of a demurrer to the evidence or a similar pleading in jurisdictions recognizing that practice? The question may arise either in equity cases, where the chancellor is the arbiter of the facts, or in cases tried at law without a jury, where also the trial judge decides all issues of fact. By the overwhelming weight of authority it is the trial court's duty, in passing upon either a demurrer to the evidence or a motion for judgment in law cases tried without a jury, to give the evidence its strongest probative force in favor of the plaintiff and to rule against the plaintiff only if his evidence when so considered fails to make a *prima facie* case." Further, in the case of *Cunningham* v. *Chamblin,* 227 Ark. 389, 299 S. W. 2d 89, we said: "We have held that a motion by the defendant for a 'directed verdict' at the close of plaintiff's proof in a chancery case may be treated as one challenging the sufficiency of the evidence under Ark. Stats., § 27-1729; * * * It is also settled that, in passing on a demurrer to the evidence filed by a defendant under the statute, the chancellor must view the testimony in the light most favorable to the plaintiff, and if so viewed a *prima facie* case has been made then the demurrer should be overruled." As we pointed out in the very recent case of *Boland* v. *Bellis,* 232 Ark. 644, 339 S. W. 2d 424, we are not here deciding what the chancery court would hold on a final weighing of the evidence in this case, we are simply holding that the trial court erred in sustaining appellee's demurrer and motion to dismiss.

Accordingly, the decree is reversed and the cause remanded for further proceedings.

Robinson, J., dissents.