OLLER *v.* ANDREWS.

5-2468                                        350 S. W. 2d 167

Opinion delivered October 16, 1961.

*McMillan & McMillan* and *Otis H. Turner,* for appellant.

*Howell, Price & Worsham,* by *Dale Price,* for appellee.

JIM JOHNSON, Associate Justice. Appellant commenced this suit in the Pulaski Chancery Court and invoked the jurisdiction of equity by praying for an injunction restraining the appellee from engaging in the sale of insurance policies in violation of the terms of a written contract between appellant and appellee. The contract provided in part that appellee would not compete with appellant for a period of one year after the termination of the contract. Having properly invoked the aid of a court of equity on purely equitable grounds, the appellant also prayed judgment against the appellee for moneys allegedly loaned by appellant to appellee. At the conclusion of proof on behalf of the appellant, the appellee filed a written demurrer to the evidence in

accordance with Act 470 of 1949 (Ark. Stats. § 27-1729). This demurrer was sustained by the trial court and the issue presented to this Court is whether a *prima facie* case was made by the appellant.

It is conceded by all parties that the ordinary delays of appellate procedure have caused the issue on the injunctive feature of the suit to become moot and the appellant does not request a reversal upon this issue.

However, appellant strenuously insists that he did make a *prima facie* case under the rule of *Werbe* v. *Holt*, 217 Ark. 198, 229 S. W. 2d 225, on the issue of debt and that the trial court was in error in sustaining the demurrer.

The appellee, in effect, concedes that the appellant would have made a *prima facie* case upon this latter issue except for the fact that appellant gave certain answers in a written interrogatory which, it is said, precludes him from the benefit of his actual testimony at the trial upon this subject.

We cannot agree with appellee's contention. Appellee apparently confuses the weight to be given to conflicting testimony with the issue of whether such testimony is sufficient to support a judgment as a matter of law. The interrogatory in question was No. 4 of a series of interrogatories propounded to the appellant by the appellee by virtue of Ark. Stats., § 28-355. The interrogatory and the answer read as follows:

"Q. Was any oral contract ever entered into between Oller and Andrews, if so who was present and what were the provisions?

"A. No."

It is insisted by the appellee that since the appellant testified that the loans in question were oral transactions wherein appellant loaned funds by check to appellee that the answer completely negated the oral testimony. An examination of all of the testimony reveals that the

inconsistency is more apparent than real. The preceding question in the series of interrogatories had dealt with a contract of employment and it is possible that appellant could have been answering with reference to whether any oral contract of employment had ever been made. At no place in the interrogatories was appellant asked as to whether there was any written contract for the loans in question.

Beginning with the decision of this Court in *Whitfield* v. *Browder, et al*, 13 Ark. 143 (January term 1852), this Court has consistently held that it is a well established rule in evidence that it should be so construed as to reconcile apparent inconsistencies, if the language used will admit of it, so as to give credit and effect to the whole statement of the witness. By application of the rule of *Whitfield*, we believe the testimony in the case at bar can be so reconciled. Particularly is this true since our Court has gone even further and held in *Gibson Oil Co.* v. *Bush*, 175 Ark. 944, 1 S. W. 2d 88, that the trier of fact had a right to resolve inconsistencies in the testimony and to believe a part of such testimony and disbelieve other parts of such testimony. In that case it was said:

"But learned counsel for the appellant argue in effect that the testimony of Chaney is so conflicting and inconsistent in itself as to make it impossible to conclude from his testimony that gasoline could have been sold and delivered to the appellee instead of kerosene. In making this argument counsel have evidently overlooked the well established rule of law that the weight of the evidence and the credibility of the witnesses is solely within the province of the jury. It was solely the province of the jury to reconcile any conflicts in the testimony of Chaney. They might accept any portion of his testimony which they believe to be true or reject any which they believe to be untrue, or about which the witness was mistaken. . . ."

While the *Gibson* case was a law case, the Chancellor is governed by the same rules in determining whether an

issue of fact has been made when a demurrer to the evidenc is presented. As we have said on many previous occasions, in testing the sufficiency of evidence upon a demurrer such evidence must be given its strongest probative effect in behalf of the proponent. *Werbe* v. *Holt, supra; Cunningham* v. *Chamblin,* 227 Ark. 389, 299 S. W. 2d 89; *Boland* v. *Bellis,* 232 Ark. 644, 339 S. W. 2d 424.

Under all the circumstances and the rules heretofore announced, we are impelled to the conclusion that the trial court erred in sustaining the demurrer to the evidence. The case is accordingly reversed and remanded for a determination of the issue of debt.