MACK *v.* COLE.

5-2873 366 S. W. 2d 719

Opinion delivered April 15, 1963.

*Fred A. Newth, Jr.,* for appellant.

*Howell, Price & Worsham,* for appellee.

JIM JOHNSON, Associate Justice. Appellant Bessie Mack sued her sister, appellee Sadie Cole, to set aside a deed. Appellant alleged that appellee had knowingly made false representations to her and her late husband, that they relied upon the representations and executed an absolute warranty deed conveying their home to appellee. Appellant further alleged that the parties had in fact agreed that appellant should retain a life estate in the property. At the close of appellant's testimony, the Chancellor sustained appellee's demurrer to the evidence and dismissed the complaint. An appeal was perfected by appellant and this court in *Mack* v. *Cole,* 233 Ark. 234, 343 S. W. 2d 791, held that the Chancellor had erred in sustaining the demurrer to the evidence and remanded the case for further proceedings.

Thereafter appellant amended her complaint seeking judgment for mortgage payments made by appellant, to which appellee answered that appellant had agreed to make the mortgage payments as rent for the privilege of living in the house. When the case proceeded to trial again, the parties stipulated that all of the testimony in the original proceedings should be made a part of the

record, and then introduced further testimony. Upon conclusion the court ruled in favor of appellee and dismissed appellant's complaint. This appeal ensued.

The first point urged for reversal is that the court erred in dismissing appellant's complaint. The question involved here is whether, in the light of all the evidence, appellant sustained the burden of proof to establish by clear and convincing evidence that the deed executed by appellant and her late husband was induced by fraud and misrepresentations on the part of appellee and therefore should be set aside and cancelled.

We have been favored with excellent briefs and we particularly noted appellant's fine abstract of the testimony adduced at both trials.

The following facts are generally undisputed: appellant and her late husband agreed to sell their home to appellee for $4,000 and assumption of the outstanding mortgage. They executed a warranty deed which retained a life estate and mailed the deed to appellee, which was rejected by her. Thereafter a quitclaim deed was sent which also retained a life estate, and which was also rejected by appellee. Later appellee came to Little Rock and had Beach Abstract Company prepare a warranty deed. At closing appellant and her husband executed that deed and received approximately $4,000.00. Appellant continued to live on the property, collecting rent from various tenants, and paying the mortgage payments and taxes. From there on, the testimony is in hopeless conflict. Appellant and four of her witnesses testified that appellee at one time or another stated that appellant had a life estate in the property, whereas appellee and five witnesses testified to statements of appellant diametrically opposed to her allegations.

It is well established by a host of cases rendered by this court that the quantum of proof necessary to set aside a deed must rise above a preponderance of the testimony; it must be clear, cogent and convincing. *Stephens* v. *Keener,* 199 Ark. 1051, 137 S. W. 2d 253; *Sandefer* v. *Sandefer,* 219 Ark. 943, 245 S. W. 2d 568; *Aber-*

*dcen Oil Co.* v. *Goucher,* 235 Ark. 787, 362 S. W. 2d 20. From all the evidence adduced in this case, we on trial *de novo,* cannot say that the Chancellor, who heard and observed the witnesses, was in error in concluding that appellant failed to produce the quantum of proof required to set aside the deed.

Appellant's second point urged for reversal is that the court erred in failing to award judgment to appellant for payments she paid on the mortgage.

It is axiomatic that appellant, or any other tenant, can be forced to pay rent, or move, by an owner of rented property. In the instant case appellant's own witness, the escrow officer of the closing department of Beach Abstract Company, testified that when appellee came in to arrange the closing, she stated: "I am buying this property from my sister. I live in Chicago. She is going to continue to live there. She is going to collect the rent and all I am going to do is let her make the payments to the Guardian Company [mortgage holder]". Appellant's testimony shows that after the closing appellant did live on the property, did collect rent of about $175 per month, and did make the mortgage payments of $40.60 a month to the Guardian Company. From the testimony and the subsequent conduct of the parties, the Chancellor could reasonably find that this was the agreed rental between the parties, and no one has contended that appellant is entitled to a refund of *rent.* We find no error.

Affirmed.