Frieda Jean WAGGLE *v.* STATE of Arkansas

CA CR 94-929                                         901 S.W.2d 862

Court of Appeals of Arkansas
En Banc
Opinion delivered July 5, 1995
[Rehearing denied August 16, 1995.*]

---

*Cooper, J., would grant.

*Joe O'Bryan*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Frieda Jean Waggle was convicted by a jury of being an accomplice to aggravated robbery and theft of property. She was sentenced to ten years for the aggravated robbery conviction and three years for the theft of property conviction, with the sentences to run consecutively for

a total of thirteen years in the Arkansas Department of Correction. Ms. Waggle now appeals, arguing that the jury should have been instructed on the lesser included offense of robbery. In addition, she contends that the trial court erroneously imposed consecutive, rather than concurrent, sentences. Finally, Ms. Waggle argues that she should have been able to present evidence of specific instances of bad conduct of her accomplice in order to explain her delay in reporting the robbery to the police and to support her affirmative defense of duress. We affirm Ms. Waggle's conviction for theft of property, but reverse and remand her aggravated robbery conviction pursuant to our finding that the trial court erroneously failed to instruct the jury on the lesser included offense of robbery.

Janice Bridges, owner of Larry's One Stop in Searcy, testified that her convenience store was robbed on the evening of November 28, 1993. She stated that, on that night, Ms. Waggle entered the store at about 7:00 p.m. and bought some candy. Ms. Bridges testified that, at that time, the store was very busy. She further testified that, fifteen minutes later, Ms. Waggle again entered the store and bought candy. At this time there were no customers in the store, and when Ms. Waggle exited a man walked in with a gun and demanded money. The man left the store with $525.00 in cash which was the property of Larry's One Stop.

On January 3, 1994, Detective David Copen of the White County Police Department received a call from Officer Sherman Malcomb of the Cabot Police Department. Officer Malcomb informed Detective Copen that Ms. Waggle had called and wished to speak with him. Detective Copen and Officer Bobby Hale then proceeded to Cabot and conducted an interview with Ms. Waggle after informing her of her rights. Ms. Waggle indicated that she was willing to share information about the November 28, 1993, robbery and gave the following statement:

> I've been advised of my rights, and I understand what my rights are. I do not want a lawyer, and I give the following statement of my own free will. About three or four weeks ago, my boyfriend, Walter Moles, and I were driving home from Searcy. We took the old highway from Searcy to Beebe. We drove past the store just outside of Searcy. I was driving my '84 Pontiac Bonneville. Walter told me to

pull into the store. I don't remember the name of the store, but it had a fire station next to it. Walter told me to go into the store and see how many people were inside. I know that there were two ladies in there working, and there may have been one customer. I went out and told Walter what I had seen. Then, Walter told me to wait in the car. Walter went inside and in a few minutes he came running out. He had money in one hand and his small, black pistol in the other. He was yelling at me to drive. We drove to McRae, and then we took the freeway to Searcy. We went into Wal-Mart. Then he went to his parents' house in Searcy, and he gave them the money because he owed them some. I helped Walter to do the robbery because I am afraid of him. This statement is true and correct as written for me by Lieutenant B. A. Hale.

Ms. Waggle testified at her trial, and her testimony was essentially the same as the statement she gave to the police. However, she asserted that she did not know why her boyfriend wanted her to count the customers in the store on the night in question and that, although she accompanied him when he had purchased a handgun on a previous occasion, he had told her he had thrown it in a creek prior to the robbery. Ms. Waggle stated that she did not inform anyone of the robbery because her boyfriend told her that, if she did, he would kill her and her kids. She further stated that, during the five weeks between the robbery and the time she reported it to the police, her boyfriend restrained her in a house that was seventeen miles from a telephone and he would not let her drive her own car. It was not until her boyfriend got into an argument with her and intentionally wrecked her car that Ms. Waggle made contact with the police and implicated him in the robbery.

██ For reversal, Ms. Waggle first argues that the jury should have been instructed on the lesser included offense of robbery. Robbery is defined by Ark. Code Ann. § 5-12-102 (Repl. 1993) and states that a person commits this offense if, with the purpose of committing a theft, he "employs or threatens to employ physical force upon another." Aggravated robbery is defined by Ark. Code Ann. § 5-12-103 (Repl. 1993) and provides that a person commits this offense if he commits robbery while armed with a deadly weapon. Ms. Waggle contends that the jury could

have reasonably believed that she aided in the robbery but did not know her boyfriend had a gun when he entered the store, therefore she was only guilty of robbery. She cites *Savannah* v. *State*, 7 Ark. App. 161, 645 S.W.2d 694 (1983), a case in which we stated that a trial court is obligated to give a lesser instruction of robbery if there is a rational basis for acquitting the appellant of aggravated robbery and convicting him of the lesser offense of robbery. In *Savannah* v. *State*, we held that where the appellant admitted some degree of participation in a robbery, but steadfastly denied that he had any knowledge that his accomplice had a weapon, the lesser included instruction should have been given. Ms. Waggle now urges this court to apply this precedent and find that the trial court erroneously denied her request for the robbery instruction.

■ We agree that, as in *Savannah* v. *State*, there was a rational basis for finding the appellant guilty of only robbery. Ms. Waggle denied having any knowledge that her boyfriend was going to rob the convenience store, and further stated that she was unaware that he possessed a gun. The trier of fact has the right to resolve inconsistencies in the testimony of a witness and may believe or disbelieve any portion of that testimony. *See Oller* v. *Andrews*, 233 Ark. 1017, 350 S.W.2d 167 (1961). In the case at bar, the jury was entitled to believe Ms. Waggle's assertion that she did not know her boyfriend was carrying a gun, while disbelieving her claim that she did not assist in the commission of the robbery. Therefore, the trial court erred in refusing to give an instruction on robbery.

■ Ms. Waggle next argues that she should not have received consecutive prison sentences because this resulted in her being punished twice for the same crime and because the trial court made this decision after indicating that the decision was being made in light of considerations other than the discretion of the court. We find both bases for this argument to be without merit. Nevertheless, this argument is now moot as a result of our reversal of Ms. Waggle's conviction for aggravated robbery.

■ Ms. Waggle's remaining argument is that she should have been allowed to present evidence of specific instances of her boyfriend's misconduct. She contends that evidence of his subsequent crimes was relevant to explain her delay in report-

ing the robbery to the police and to support her affirmative defense of duress. However, Ms. Waggle never indicated what specific crimes or bad acts that her boyfriend allegedly committed. The failure to proffer evidence so that the appellate court can determine whether it was erroneously excluded precludes review of the issue on appeal. *See Roe* v. *State*, 310 Ark. 490, 837 S.W.2d 474 (1992). Since Ms. Waggle failed to proffer testimony regarding her boyfriend's misconduct, we are unable to review this issue on appeal.

Affirmed in part and reversed and remanded in part.

BULLION, S.J., agrees.

COOPER, J., dissents.

JAMES R. COOPER, Judge, dissenting. I dissent because I do not agree that the appellant was entitled to a lesser-included offense instruction under the circumstances of this case. I rely on *Young* v. *State*, 283 Ark. 435, 678 S.W.2d 329 (1984), where the Arkansas Supreme Court rejected a similar argument, holding that there was no rational basis for the lesser instruction where it was undisputed that a gun was used in the robbery.

For the reasons stated above, I respectfully dissent.